# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**z4 TECHNOLOGIES, INC.**

    **v.**

**1. MICROSOFT CORPORATION, and**
**2. AUTODESK, INC.**

**2:04-cv-00335-LED**

## DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE PRODUCTION OF DOCUMENTS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND ....................................................................................................2

    A.    Mr. Colvin's Deposition. ...................................................................2

    B.    z4's Waiver of Attorney-Client Privilege. ...........................................3

    C.    Discovery Related to z4's Purported Diligence.....................................4

III.   ARGUMENT .........................................................................................................5

    A.    z4 Should Be Compelled to Re-Produce Mr. Colvin for
          Deposition Due to His Evasive Behavior and Improper Refusal
          to Answer Questions. ........................................................................5

          1.    Mr. Colvin Refused to Provide Testimony on Certain
                   30(b)(6) Topics. ..................................................................5

          2.    Mr. Colvin Was Not Prepared to Testify on Certain
                   30(b)(6) Topics upon which z4 Designated Him to
                   Testify. ...............................................................................7

          3.    Mr. Colvin Improperly Made Objections to Defendants'
                   Questions and then Refused to Answer Questions on
                   Those Grounds. ...................................................................8

          4.    z4 Produced over Three Thousand Pages of Documents
                   on Defendants on the Eve of Mr. Colvin's Deposition,
                   and Defendants Are Therefore Entitled to Depose Mr.
                   Colvin on These Documents....................................................9

          5.    The Court Should Compel z4 to Produce Information
                   Concerning the Fee Arrangement between z4/Mr.Colvin
                   and z4's Litigation Counsel that also Prosecuted the
                   Patents-in-Suit. ..................................................................10

    B.    z4 Waived Privilege and Must Produce All Documents Within
          the Scope of that Waiver.....................................................................11

    C.    z4 Should be Compelled to Produce Documents Related to
          Colvin's Conception and Reduction to Practice of the Claimed
          Invention. .......................................................................................14

IV.   CONCLUSION...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Baxter Int'l Inc. v. Cobe Labs., Inc.,*
794 F. Supp. 252 (N.D. Ill. 1991) ................................................................ 6

*Beneficial Franchise Co., Inc. v. Bank One,*
*N.A.*, 205 F.R.D. 212 (N.D. Ill. 2001) .......................................................... 12

*Caparotta v. Entergy Corp.,*
168 F.3d 754 (5th Cir. 1999) ....................................................................... 15

*Collins v. Int'l Dairy Queen, Inc.,*
No. Civ.A. 94-95-4, 1998 WL 293314, at *2 (M.D. Ga. June 4, 1998) .......... 8

*Consol. Health Plans, Inc. v. Principal Performance Group, Inc.,*
No. Civ.A. 02-1230, 2003 WL 21406181, at *3 (E.D. La. June 16,
2003) .......................................................................................................... 10

*Crowe v. Bolduc,*
334 F.3d 124 (1st Cir. 2003) ................................................................. 10, 11

*De Graffenried v. United States,*
2 Cl. Ct. 640, 224 U.S.P.Q. 787 (Ct. Cl. 1983) ....................................... 6, 8

*Engineered Prods. Co. v. Donaldson Co., Inc.,*
313 F.Supp.2d 951 (N.D. Iowa 2004) ......................................................... 12

*Ferko v. Nat'l Assn. for Stock Car Auto Racing, Inc.,*
218 F.R.D. 125, & n.17 (E.D. Tex. 2003) ...................................................... 8

*GFI, Inc. v. Franklin Corp.,*
265 F.3d 1268 (Fed. Cir. 2001) ................................................................... 12

*Haymes v. Smith,*
73 F.R.D. 572 (W.D.N.Y. 1976) .................................................................... 9

*In re Grand Jury Subpoena for Attorney Representing Criminal Defendant*
*Reyes-Requena,*
926 F.2d 1423 (5th Cir. 1991) ..................................................................... 10

*In re Kaiser Aluminum & Chem. Co.,*
214 F.3d 586 (5th Cir. 2000) ....................................................................... 14

*In re Semel,*
411 F.2d 195 (3d Cir.) .................................................................................. 10

*John Doe Co. v. United States,*
350 F.3d 299 (2d Cir. 2003) ........................................................................ 12

## <u>TABLE OF AUTHORITIES (cont'd)</u>

<u>Page(s)</u>

*Kimberly-Clark Corp. v. Johnson & Johnson*,
 745 F.2d 1437 (Fed. Cir. 1984)...................................................................... 13

*Laser Indus., Ltd. v. Reliant Techs., Inc.*,
 167 F.R.D. 417 (N.D. Cal. 1996) ................................................................... 12

*Malco Mfg. Co. v. Elco Corp.*,
 307 F.Supp. 1177 (E.D. Pa. 1969) ................................................................. 13

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*,
 765 F.Supp. 611 (N.D. Cal. 1991) .................................................................. 13

*Meese v. Eaton Mfg. Co.*,
 35 F.R.D. 162 (N.D. Ohio 1964) ...................................................................... 6

*Miller v. Waseca Med. Center*,
 205 F.R.D. 537 (D. Minn. 2002)....................................................................... 9

*Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd.*,
 348 F.Supp.2d 332 (D.N.J. 2004) ................................................................... 15

*MyMail, LTD v. Am. Online, Inc.*,
 No. 6:04-CV-189, slip op. at 3 (E.D. Tex. Sept. 28, 2004) .............................. 6

*Nelco Corp. v. Slater Elec. Inc.*,
 80 F.R.D. 411 (E.D.N.Y. 1978) ....................................................................... 6

*Nguyen v. Excel Corp.*,
 197 F.3d 200 n. 18 (5th Cir. 1999) ................................................................ 13

*Resolution Trust Corp. v. S. Union Co., Inc.*,
 985 F.2d 196 (5th Cir. 1993) ........................................................................... 7

*Sanofi-Synthelabo v. Apotex, Inc.*,
 363 F.Supp.2d 592 (S.D.N.Y. 2005).............................................................. 12

*Seuthe v. Renwal Prods., Inc.*,
 38 F.R.D. 323 (S.D.N.Y. 1965) ....................................................................... 9

*Silvestri v. Gen'l Motors Corp.*,
 271 F.3d 583 (4th Cir. 2001) ......................................................................... 15

*United States v. Cervantes-Pacheco*,
 826 F.2d 310 (5th Cir. 1987) ......................................................................... 11

*United States v. Pape*,
 144 F.2d 778 (2d Cir.).................................................................................... 10

*United States v. Valvona*,
 834 F.2d 1334 (7th Cir. 1987) ....................................................................... 11

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*United States v. Woodall*,
    438 F.2d 1317 (5th Cir. 1970) ........................................................................................ 12

*United States v. Workman*,
    138 F.3d 1261 (8th Cir. 1998) ....................................................................................... 12

**Statutes**

Fed. R. Civ. P. 26(b)(3)..................................................................................................... 14

Fed. R. Civ. P. 30(b)(6)....................................................................................................... 6

## I.      INTRODUCTION

Defendants Microsoft Corp. ("Microsoft") and Autodesk, Inc. ("Autodesk") propounded legitimate discovery into z4's claims and its own defenses.  Plaintiff z4 Technologies, Inc. ("z4"), however, is thwarting this discovery.  Accordingly, Defendant's move to compel the below three items.

First, Defendants move to compel the continuation of David Colvin's deposition.  During his April 27, 2005 deposition, Mr. Colvin refused to answer numerous questions, all on dubious and illegitimate grounds.  Mr. Colvin refused to answer questions related to several 30(b)(6) topics propounded by Defendants, such as the bases and foundation for z4's Patent Rule 3-1 disclosures and z4's infringement contentions.  Mr. Colvin also refused to answer any questions concerning his understanding of his own patents, inventions, and his understanding of the terms in his patents.  Mr. Colvin also refused to answer many questions related to documents that were placed in front of him on the ground that "the documents spoke for themselves."

Second, z4 waived attorney client privilege related to the preparation and prosecution of the patents-in-suit by asserting and relying on privileged communications and documents in this case.  z4, however, is attempting to use privilege as both a sword and a shield, and is refusing to produce privileged documents and allow discovery into privileged communications that it waived.

Third, Mr. Colvin refuses to identify and produce documents and information related to his alleged conception and diligence in reduction to practice of his inventions.  Mr. Colvin claims to have performed surveys, studies, and conducted research into his inventions and that he "considered" print media, online information and television programming that was related to his invention.  z4, however, has not specifically identified or produced *any* of these documents or any document substantiating their existence.

Pursuant to Local Rule CV-7(h), the parties met and conferred on these issues and were unable to resolve them.  z4 opposes this motion.  Defendants request a hearing on this motion, the Court's schedule permitting.

**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE PRODUCTION OF DOCUMENTS – PAGE 1**

## II.      BACKGROUND

### A.      Mr. Colvin's Deposition.

On March 4, 2005, Defendants propounded their first 30(b)(6) deposition.  Defendants' topics included the basis and foundation for z4's Patent Rule 3-1 infringement contentions, the basis and foundation for z4's contention that the limitations of the asserted claims were found in the products z4 accused of infringement, and the conception, reduction to practice and diligence in reduction to practice of the claimed inventions.  (*See* Defs.' 30(b)(6) Dep. Topics Nos. 3-8, 10 & 14-16, Ex. 1.)

On March 31, 2005, z4 designated David Colvin as its corporate witness on all of the topics contained in Defendants' 30(b)(6) notice.  (*See* Tuttle Ltr., Ex. 2.)  z4 never served any formal objections to Defendants' 30(b)(6) deposition notice.  The only time z4 even mentioned any issue with Defendants' deposition topics was in its letter designating Mr. Colvin.  (*Id.*)  In response to this letter, Defendants specifically requested that z4 identify any objections it had to Defendants' topics at least 14 days prior to Mr. Colvin's scheduled April 27, 2005 deposition. (*See* Bernstein Ltr., Ex. 3.)  z4 never responded to this letter.

On Friday, April 22, 2005, z4 shipped over 3000 pages of documents to Defendants.  z4, however, neither telephoned Defendants nor sent Defendants a facsimile or email advising them that these documents would be delivered on Saturday, April 23, 2005.  (*See* Decl. of Seth M. Sproul at ¶¶ 3-5.)  Because z4 failed to provide Defendants with advance warning of this delivery of over 3000 pages of documents, Defendants were unaware of their arrival until Monday, April 25, 2005, less than 48 hours prior to the start of Mr. Colvin's deposition.  (*See id.*)

Mr. Colvin's deposition took place on April 27, 2005 in Southfield, Michigan.  The details of Mr. Colvin's improper conduct at this deposition are outlined in more detail below in Section III.A.

Following Mr. Colvin's deposition, Defendants formerly requested the continuation of Mr. Colvin's deposition in light of the numerous improprieties perpetrated by z4 during the

**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE PRODUCTION OF DOCUMENTS – PAGE 2**

deposition.  (*See* Bernstein Ltrs., Exs. 4 & 5.)  z4 refused to provide Defendants with unhindered access to Mr. Colvin during the continued deposition.  (*See* Tuttle Ltr., Ex. 6.)

**B.     z4's Waiver of Attorney-Client Privilege.**

On February 18, 2005, Defendants propounded their second set of interrogatories on z4. Defendants' interrogatory number 5 requested that z4 identify any document that evidenced, established, or corroborated z4's purported diligence in reduction to practice, as well as all individuals with knowledge of the alleged diligence and any other information related to z4's alleged diligence.  (*See* Defs.' 2d Interrogs. at 5-6, Ex. 7.)

On March 23, 2005, z4 responded to Defendants' second set of interrogatories.  (*See* z4's Resp. to 2d Interrogs., Ex. 8)  Regarding interrogatory number 5, z4 stated that the following established diligence in reduction to practice:  (1) Mr. Colvin "completed his disclosure documents, and furnished them to David S. Bir, then a Brooks Kushman patent attorney," on or around September 8, 1997; (2) Mr. Bir, a Brooks Kushman attorney who prosecuted the '471 patent, "opened a file on the inventive subject matter;" (3) "Mr. Bir and Mr. Colvin collaborated in the preparation of the patent application filed on June 4, 1998 leading to the '471 patent" and (4) "Mr. Bir was diligent in the course of placing Mr. Colvin's invention disclosure in his work queue of patent applications to be prepared for filing."  (*See id.* at 11.)

In addition to these statements, z4 also produced a copy of the invention disclosure documents for the inventions-in-suit that Mr. Colvin provided to his prosecution counsel.  z4 produced these invention disclosure documents in redacted form, with virtually all information other than the date of the documents removed.  (*See* Col 00001492-00001518, Ex. 9.)

Following Defendants' receipt of z4's response to interrogatory number 5 which constituted a waiver of attorney-client privilege, Defendants repeatedly advised z4 that it had waived privilege and was obligated to produce (in unredacted form) all documents and communications related to the preparation and prosecution of the patents-in-suit.  (*See* Sproul Ltr., Ex. 10; Bernstein Ltrs., Ex. 4 & 11.)  z4 refused to enter into any sort of legitimate dialogue concerning its waiver or the scope of that waiver.  (*See* Tuttle Ltrs., Exs. 12 & 13.)

**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE PRODUCTION OF DOCUMENTS – PAGE 3**

It is undisputed that z4 has relevant privileged documents related to the preparation and prosecution of the patents-in-suit in its possession that it is withholding from Defendants.  z4's privilege log is full of such documents.  (*See generally* z4 Privilege Log, Ex. 14.)  Likewise, it is undisputed that z4's counsel prevented Defendants from inquiring into these privileged communication at Mr. Colvin's deposition.  (*See* Colvin Tr. at 156:19-158:4, Ex. 15.)

### C.      Discovery Related to z4's Purported Diligence.

In response to Defendants' interrogatory number 5 requesting the identification of documents and information related to the alleged diligence in reduction to practice of the claimed inventions in the patents-in-suit, z4 provided a ten page response.  (*See* z4's Resp. to 2d Interrogs. at 2-11, Ex. 8.)  In these ten pages, z4 discussed studies, research and surveys Mr. Colvin conducted while investigating and working on his invention.  (*Id.* at 4-5.)  z4 also claimed that Mr. Colvin "considered" print media, online information and television programming that was related to his invention.  (*Id.* at 5.)

Following receipt of this interrogatory response, Defendants repeatedly requested that z4 produce the documents referenced in z4's interrogatory response.  (*See* Bernstein Ltrs., Ex. 16 at 1-7; Ex. 10 at 2-6, Ex. 11 at 1.)  z4 initially refused to produce these documents, claiming that the requests constituted new, never before served document requests, notwithstanding Defendants previously requested documents concerning z4's alleged diligence and notwithstanding that interrogatory number 5 itself asked z4 to identify documents.  (*See* Tuttle Ltr., Ex. 13 at 2; Sproul Ltr., Ex. 17; *see also* Defs.' Interrog. No. 5 at 5-6, Ex. 7).  When Defendants again requested these documents, z4 simply ignored Defendants' request.  (*See* Tuttle Ltr., Ex 18.)

Mr. Colvin claims to have spent over two years diligently working on his inventions.  This claim simply is not supported by the documents z4 has produced to date.  z4 has not produced a ***single*** document related to the studies, research and surveys Mr. Colvin conducted while investigating and working on his invention.  Nor has z4 produced a ***single*** document

related to the print media, online information and television programming that Mr. Colvin admits he "considered."

## III.   ARGUMENT

### A.   z4 Should Be Compelled to Re-Produce Mr. Colvin for Deposition Due to His Evasive Behavior and Improper Refusal to Answer Questions.

#### 1.   Mr. Colvin Refused to Provide Testimony on Certain 30(b)(6) Topics.

Defendants' 30(b)(6) topics included the basis and foundation of z4's Patent Rule 3-1 infringement contentions, as well as z4's contentions that all of the claim limitations contained in the asserted claims of the patents-in-suit were found in the products it accused of infringement. (*See* Defs.' 30(b)(6) Dep. Topics 2 & 10, Ex. 1.)  z4 never objected to these deposition topics. Mr. Colvin, however, repeatedly refused to answer questions regarding the alleged infringement of his patents, claiming either he would not do so because it would require him to delve into claim construction issues, or that his knowledge was limited to the four corners of z4's Patent Rule 3-1 infringement contentions.  (*See generally* Colvin Tr. at 165-166; 176-178; 191-195; 202-203; 209-211; 213216; 219225; 240-241; 253-256.)  Mr. Colvin and z4 provided no testimony on these two deposition topics.

Likewise, Mr. Colvin refused to provide testimony concerning his understanding of his own invention, and understanding of terms in his own patents, even though he obviously has such first hand knowledge and even though Defendants noticed a 30(b)(6) topic on this very issue.  (*Id.* at 129:1-130:2; 129:13-22; 133:11-20; 134:24-136:2; 140:15-141:1; 141:11-23; 193:18-24; 195:21-24; *see also* Defs.' 30(b)(6) Dep. Topic No. 9, Ex. 1.)

The Court should not condone Mr. Colvin's refusal to answer legitimate questions concerning z4's infringement contentions or Mr. Colvin's personal understanding concerning infringement and claim construction issues.

**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE PRODUCTION OF DOCUMENTS – PAGE 5**

Contention depositions pursuant to Federal Rules of Civil Procedure 30(b)(6) are a legitimate form of discovery in this Court.  *See MyMail, LTD v. Am. Online, Inc.*, No. 6:04-CV-189, slip op. at 3 (E.D. Tex. Sept. 28, 2004) (compelling production of witness to testify regarding infringement contentions) (Davis, J.) (*See* Order Denying MyMail's Mtn for PO & Granting AOL's Mot. to Compel, Ex. 22.)  Moreover, z4 did not serve objections to Defendants' 30(b)(6) topics prior to the April 27, 2005 deposition, nor did z4 seek a protective order on these topics.

It is also well established that the inventor's testimony concerning infringement, validity and interpretation of the claims is relevant and discoverable through deposition.  *See Baxter Int'l Inc. v. Cobe Labs., Inc.*, 794 F. Supp. 252, 252 (N.D. Ill. 1991) (compelling the continued deposition of an inventor regarding infringement, validity and the interpretation of claims); *see also Nelco Corp. v. Slater Elec. Inc.*, 80 F.R.D. 411, 416 (E.D.N.Y. 1978) (rejecting patentee's attempt to preclude deposition of inventor due to his appointment as expert and compelling testimony regarding interpretation of claims); *De Graffenried v. United States*, 2 Cl. Ct. 640, 645, 224 U.S.P.Q. 787 (Ct. Cl. 1983) (compelling continued deposition of inventor regarding the patent in suit and infringement).

Mr. Colvin is the sole inventor of the patents-in-suit, and is the sole shareholder in z4. Given just these facts, Mr. Colvin is the one person who should provide testimony concerning z4's infringement contentions and the contents and interpretation of the patents-in-suit.  *See Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964) ("In patent cases . . . the Court can think of no one *more qualified* than the inventors to express opinion as to what constitutes theft of their inventiveness.").  Moreover, the inappropriateness of Mr. Colvin refusing to provide deposition testimony concerning his infringement and claim construction positions is

further established by Mr. Colvin's ability, as recently as 2003 to conclude and allege that

Microsoft infringed the '471 patent (*see* COL 826-29, Ex. 19) and that Microsoft should pay z4

millions of dollars for this infringement (*see* COL 830-32, Ex. 20).

### 2.    Mr. Colvin Was Not Prepared to Testify on Certain 30(b)(6) Topics upon which z4 Designated Him to Testify.

It was evident throughout his deposition that Mr. Colvin did not undertake the barest of

steps to prepare for his deposition as the corporate designee of z4.  For example, despite the fact

that z4 offered up Mr. Colvin to testify on topics related to the conception and reduction to

practice of the claimed invention, Mr. Colvin testified that he had failed to review any (of the

handful that have actually been produced) of the documents produced by z4 as evidence of the

same.  (*See* Colvin Tr. at 139:8-21; 141:24-142:13.)

In addition to failing to prepare for Defendants' conception, reduction to practice and

diligence 30(b)(6) topics, Mr. Colvin was unprepared to testify on additional topics.  (*See, e.g.*,

Colvin Tr. at 201:14-203:6 (noting Mr. Colvin's failure to provide answers other than previously

produced infringement contentions for Topic 10); 208:4-9 (testifying that Mr. Colvin "felt no

need to independently review" documents related to Topic 2); 210:10-21 (admitting that "I (Mr.

Colvin) did not do anything in particular except for the—the background information I had

already."); 205:25-206:25 (enumerating the minimal steps taken in preparation for the deposition

by Mr. Colvin).)

For these reasons, Defendants are justified in seeking a continuation of Mr. Colvin's

deposition in a corporate capacity to address any and all topics noticed to z4.  *See Resolution

Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993) (stating that if a 30(b)(6)

designee is not knowledgeable about relevant facts and the company "has failed to designate an

available, knowledgeable, and readily identifiable witness, then the appearance is, for all

**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION
TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE
PRODUCTION OF DOCUMENTS – PAGE 7**

practical purposes, no appearance at all."); *Ferko v. Nat'l Assn. for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 143 & n.17 (E.D. Tex. 2003) (reiterating that if a 30(b)(6) witness is unprepared to testify, it is equivalent to a failure to appear).

### 3.   Mr. Colvin Improperly Made Objections to Defendants' Questions and then Refused to Answer Questions on Those Grounds.

Mr. Colvin repeatedly objected to questions and refused to answer them on the ground that "the document speaks for itself" and "that is for the court to decide."  (*See, e.g.*, Colvin Tr. at 112:5-16 (document speaks for itself); 113:9-21 (same); 118:8-12 (same); 130:7-131:21 (same); 133:11-20 (same); 140:15-141:1 (same); 141:11-14 (same); 134:24-136:2 (to be decided by the court); 193:1-16 (same); 193:18-24 (same); 261:14-21 (same).)  Mr. Colvin even refused to answer questions asked about documents ***he himself helped to create*** on the ground that those documents spoke for themselves.  (*See id.* at 197:13-198:2.)  Mr. Colvin refused to answer these questions even though he had first hand knowledge of events that would have enabled him to answer.

These objections raised by Mr. Colvin himself, which all stem from the idea that the document is self-explanatory or that Defendants are seeking a legal conclusion, are not appropriate.  *See Collins v. Int'l Dairy Queen, Inc.*, No. Civ.A. 94-95-4, 1998 WL 293314, at *2 (M.D. Ga. June 4, 1998) ("[I]t is not a valid objection in the deposition of a witness who has or may have some relevant knowledge concerning the document or its subject matter, that the document 'speaks for itself.'"); *see also De Graffenried*, 2 Cl. Ct. at 643 (noting that patentee "improperly circumvented inquiries which sought his interpretation of his patent" by stating the "patent document 'speaks for itself'").

In addition to the above-cited tactics, in lieu of just answering questions, Mr. Colvin also consistently referred Defendants to z4's interrogatory response regarding conception and

reduction to practice and z4's disclosure pursuant to Patent Rule 3-1 and 3-2.  (*See, e.g.*, Colvin Tr. at 110:22-112:3; 197:10-198:2.)  Mr. Colvin refused to just answer these questions even though he certainly is the one person with first-hand knowledge who could answer them.  An interrogatory response is not a satisfactory substitute for a deposition.  *See Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323, 324 (S.D.N.Y. 1965) ("Ordinarily, interrogatories are not an effective substitute for an oral deposition, particularly where an adverse party is under examination."); *see also Haymes v. Smith*, 73 F.R.D. 572, 575 (W.D.N.Y. 1976) (noting that interrogatories were not an adequate substitute for depositions in that case).  As opposed to interrogatories, depositions allow opposing counsel "to ascertain the facts directly and face to face to minimize any attempts to be evasive or recalcitrant."  *Seuthe*, 38 F.R.D. at 324.

Mr. Colvin's behavior was also a complete end-around Local Rule CV-30 which limits objections to "form" and which requires a witness to answer all questions not privileged or subject to a protective order.

### 4.  z4 Produced over Three Thousand Pages of Documents on Defendants on the Eve of Mr. Colvin's Deposition, and Defendants Are Therefore Entitled to Depose Mr. Colvin on These Documents.

Defendants should also be entitled to re-depose Mr. Colvin due to Plaintiff's late production of documents on what was, effectively, the eve of the deposition.  As noted above, Plaintiff provided Defendant with over three thousand pages of documents on the Saturday before the deposition was to take place.  As Plaintiff did not inform Defendants that these documents would be produced at that time, Defendants were unaware of the production until Monday, April 25, 2005, the day before the Defendants' counsel left from San Diego to Michigan for the deposition.  Defendants had no time to review these documents prior to Mr. Colvin's deposition.  Defendants should be entitled to re-depose Colvin on this material as well. *See Miller v. Waseca Med. Center*, 205 F.R.D. 537, 541 (D. Minn. 2002) (allowing more time

for depositions, in part, because a party had not produced relevant, requested documents until the day prior to the deposition).  Defendants believe that z4 does not object to resuming Mr. Colvin's deposition on these documents.  (*See* Tuttle Ltr., Ex. 6.)

     **5.**    **The Court Should Compel z4 to Produce Information Concerning the Fee Arrangement between z4/Mr. Colvin and z4's Litigation Counsel that also Prosecuted the Patents-in-Suit.**

z4 has maintained that its fee agreement with Brooks Kushman for the current litigation is immune from discovery due to the attorney-client privilege.  (Colvin Tr. at 70:7-25.)  This agreement is relevant to the present case because it establishes a potential bias of a z4 witness, James Kallis, one of the prosecuting attorneys of the '825 patent.  Mr. Kallis is a partner at Brooks Kushman.  Thus, if Brooks Kushman is taking this case on contingency, the jury should, when hearing Mr. Kallis' testimony, be informed that he has a personal financial stake in the outcome of this case, so it can weigh the credibility of Mr. Kallis' testimony.

The majority of circuit courts have held that ordinarily fee agreements are not subject to the attorney-client privilege.  *See, e.g.*, *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 926 F.2d 1423, 1431 (5th Cir. 1991) ("As a general rule, client identity and fee arrangements are not protected as privileged."); *In re Semel*, 411 F.2d 195, 197 (3d Cir.), cert. denied, 396 U.S. 905 (1969) (noting that the conditions of employment and the amount of fees are discoverable absent unusual circumstances); *United States v. Pape*, 144 F.2d 778, 782 (2d Cir.), *cert. denied*, 323 U.S. 752 (1944) ("The authorities are substantially uniform against any privilege as applied to the fact of retainer or identity of the client."); *see also Consol. Health Plans, Inc. v. Principal Performance Group, Inc.*, No. Civ.A. 02-1230, 2003 WL 21406181, at *3 (E.D. La. June 16, 2003).  Moreover, the First Circuit recently held an attorney witness could be questioned on his contingency fee agreement because the agreement evidenced a potential source of bias.  *Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003) (stating "[w]here

witnesses under contingent fee agreements are permitted to testify, *examination on the contingent fee is considered vital*." (*citing United States v. Valvona*, 834 F.2d 1334, 1343 (7th Cir. 1987)) (emphasis added).

Although the Fifth Circuit has not directly addressed the issue of the examination of attorney-witnesses with respect to contingency fee agreements, it has examined analogous cases.[1]  In *United States v. Cervantes-Pacheco*,  the Fifth Circuit addressed, *en banc*, the question of whether testimony from an informant paid on contingency would be admitted in criminal cases. 826 F.2d 310, 312 (5th Cir. 1987) (en banc).  The Fifth Circuit determined that testimony of informants paid on contingency was permissible, but that the accused must have an adequate opportunity to cross-examine the witness on these contingent agreements.  Further, the Fifth Circuit stated that "the trial court should give a careful instruction to the jury *pointing out the suspect credibility of a fact witness who has been compensated for his testimony*." *Cervantes-Pacheco*, 826 F.2d at 316 (emphasis added).

### B.      z4 Waived Privilege and Must Produce All Documents Within the Scope of that Waiver.

Plaintiff contends that Mr. Colvin's conception and reduction to practice of the inventions-in-suit are established by his interaction with and the work of the prosecuting attorney for the '471 patent, David Bir.  (z4's Resp. to Interrog. No. 5, Ex. 8.)  Additionally, z4 produced copies of Mr. Colvin's invention disclosure forms, albeit heavily redacted, in an attempt to shore up its scarce evidence supporting reduction to practice.  (Col 00001492-00001518, Ex. 9.)  Later, during his deposition, z4 reiterated that Mr. Bir would corroborate the invention (i.e., conception and reduction to practice) of the patents-in-suit.  (Colvin Tr. at 156:8-158:22; 160:9-161:9.)  z4

---

[1]  The court in *Crowe* actually drew support from *Valvona*, which in turn cited to *United States v. Cervantes-Pacheco*, 826 F.2d 310 (5th Cir. 1987) (en banc).

**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE PRODUCTION OF DOCUMENTS – PAGE 11**

elected to rely on the substance of its communication with Mr. Bir.  By doing so, Plaintiff

waived its attorney-client privilege with respect to those communications and all

communications and documents relating to the same subject matter.

Waiver of the attorney client privilege can either be express or implied.  *Laser Indus.,*

*Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417, 446 (N.D. Cal. 1996).  Under existing precedent,

implied waiver requires a two-step inquiry to determine whether a privilege has been waived.[2]

*United States v. Woodall*, 438 F.2d 1317, 1324 (5th Cir. 1970).  The first step requires an inquiry

into whether the litigant intended to waive the privilege.  *Id.*  The second step is to determine

whether it is "fair and consistent with the assertion of the claim or defense being made to allow

the privilege to be invoked.  *Id.*  This question of fairness is the critical inquiry in these cases.

*See, e.g.*, *Sanofi-Synthelabo v. Apotex, Inc.*, 363 F.Supp.2d 592, 592 (S.D.N.Y. 2005) (noting

that "[f]orfeiture of the attorney-client privilege turns on 'considerations of fairness to the

adversary.'") (quoting *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003));

*Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 218 (N.D. Ill. 2001).

Foremost, a "party 'cannot selectively assert the privilege to block the introduction of

information harmful to his case after introducing other aspects of his conversation with [counsel]

for his own benefit.'"  *Engineered Prods. Co. v. Donaldson Co., Inc.*, 313 F.Supp.2d 951, 1020

(N.D. Iowa 2004) (quoting *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998)).  "In

accord with this principle is a client's inability to, at once, employ the privilege as both a sword

and a shield.  Attempts at such improper dual usage of the privilege result in a waiver by

---

[2] The law of the Fifth Circuit determines the question of waiver.  *See GFI, Inc. v. Franklin Corp.*,
265 F.3d 1268, 1272 (Fed. Cir. 2001) (applying Fifth Circuit law to the issue of waiver of
attorney-client privilege).

**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION
TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE
PRODUCTION OF DOCUMENTS – PAGE 12**

implication." *Nguyen v. Excel Corp.*, 197 F.3d 200, 211 n. 18 (5th Cir. 1999) (internal citations omitted);.

In the present case, Mr. Colvin and z4 waived the attorney-client privilege with respect to the issue of the preparation and prosecution of the patents-in-suit.  (z4's Resp. to Interrog. No. 5, Ex. 8; Colvin Tr. 156:8-158:22; 160:9-161:9.)  *See Malco Mfg. Co. v. Elco Corp.*, 307 F.Supp. 1177, 1179 (E.D. Pa. 1969) ("To the extent that a party answers an interrogatory relating to the contents of a privileged communication and makes no objection thereto, the right to assert such privilege is waived.").  However, when Defendants attempted to delve into those privileged communications and documents that z4 asserted into this case, z4 invoked its attorney-client privilege.  It is fundamentally unfair to allow z4 to continue this behavior.

Even if a waiver of privilege is found, however, the scope of the waiver is an issue that still needs to be addressed.  Courts have found that "it is not appropriate  . . . to limit the waiver on a temporal basis." *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 765 F.Supp. 611, 613 (N.D. Cal. 1991).  Furthermore, z4's waiver relates to conception and reduction to practice, i.e., the invention, that serves as the basis for the two patents-in-suit and numerous other continuation and continuation-in-part patents.  As invention is the *sine qua non* of patent law, *see Kimberly-Clark Corp. v. Johnson & Johnson*, 745 F.2d 1437, 1451 (Fed. Cir. 1984) (noting invention as the sine qua non of patentability), this waiver should extend to all patents that derive from the '471 patent.  Therefore, z4 should be found to have waived its attorney-client privilege with respect to the preparation and prosecution of all patents and applications which derive from the '471 patent.

**C.**     **z4 Should be Compelled to Produce Documents Related to Colvin's Conception and Reduction to Practice of the Claimed Invention.**

In response to Defendants' interrogatory number 5, Mr. Colvin claimed he performed surveys, conducted studies, and conducted research into his inventions.  Mr. Colvin also claimed that he "considered" print media, online information, and television programming that was related to his invention.  During his deposition, he also referred to the actions he had taken demonstrating his conception and diligence in the reduction to practice of the claimed invention.  These activities included participation in chat rooms, (Colvin Tr. at 120:8-123:25), polling of people on the street, (*id.*), use of AutoCAD Revision 13, (*id.* at 108:2-109:7), and other activities that purportedly demonstrate Mr. Colvin's diligence in reducing the invention to practice.  Defendants, however, have received no documentary evidence establishing ***any*** of these activities.

z4 initially refused to produce these documents on the ground that Defendants' requests for them was improper.  (*See* Tuttle Ltr., Ex. 13.)  z4 may now suggest, but has not confirmed, that these documents were either lost or destroyed by Mr. Colvin.  This claim is highly dubious, but if true, quite disturbing considering z4, by its own admission, should have been maintaining these documents, and because Mr. Colvin is experienced in patent litigation.

By Plaintiff's own admission, it anticipated litigation involving these patents as early as September 8, 1997.  According to z4's privilege log, it is claiming work product protection for two items from this 1997 date.  (z4 Privilege Log at 1, Ex. 14.)  In order for a party to invoke work-product protection the document to be protected must be "prepared in anticipation of litigation."  Fed. R. Civ. P. 26(b)(3); *see also In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (quoting the Federal Rules).  As z4 admits that these documents were created in anticipation of litigation on September 8, 1997, it is at that time that its duty to

preserve material evidence attached.  *See Silvestri v. Gen'l Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably ***should know that the evidence may be relevant to anticipated litigation***." (emphasis added)).  Surely this prohibition against the destruction of material, relevant evidence applies to the original documents purportedly evidencing Mr. Colvin's conception, diligence and reduction to practice.

Moreover, Mr. Colvin was well aware of his obligation to maintain documents as he was the plaintiff in a patent infringement case in the 1990s.  (*See* Compl., *Colvin v. Nat'l Auto. Parts Ass'n*, Ex. 21.)

Defendants therefore request that the Court order the production of these documents, for which z4 has had a standing legal obligation to preserve, or, if z4 cannot provide the documents, to compel z4 to provide a detailed account of their loss or destruction.[3]

## IV.    CONCLUSION

For the reasons set forth above, the Court should compel z4 to:  (1) make Mr. Colvin available for another unobstructed deposition; (2) produce each and every document related to the preparation and prosecution of the patents-in-suit and further order z4 and its witnesses to answer all questions relating to the preparation and prosecution of the patents-in-suit; (3) produce all documents related to the alleged conception, reduction to practice and diligence in reduction to practice of the inventions at issue in this case, or, if lost/destroyed, explain why.

---

[3] This narrative regarding the destruction of relevant evidence would allow the Court to determine whether z4's destruction amounted to spoliation under the law as applied by the Fifth Circuit.  *See Caparotta v. Entergy Corp.*, 168 F.3d 754, 756 (5th Cir. 1999) (reaffirming the requirement of bad faith for a finding of spoliation); *but see Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd.*, 348 F.Supp.2d 332, 338 (D.N.J. 2004) (finding spoliation sanction to be flexible and allowing for sanction to be imposed for negligent destruction of documents).

**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE PRODUCTION OF DOCUMENTS – PAGE 15**

Dated:  May 19, 2005                          Respectfully submitted,

                                              FISH & RICHARDSON P.C.


                                    By:  /s/ Matthew C. Bernstein
                                         Jennifer P. Ainsworth
                                         WILSON SHEEHY KNOWLES
                                         ROBERTSON & CORNELIUS, P.C.
                                         909 ESE Loop 323, Suite 400
                                         Tyler, Texas  75701
                                         Tel:  (903) 509-5000
                                         Fax:  (903) 509-5091
                                         Attorneys for Defendant Microsoft
                                         Corporation

                                         Michael E. Jones
                                         Cindy Marie Allen
                                         Potter Minton
                                         110 N. College, Suite 500
                                         Tyler, TX  75702
                                         Telephone:  (903) 597-8311
                                         Attorneys for Autodesk, Inc.

                                         John E. Gartman (CA SBN 152300)
                                         Matthew C. Bernstein (CA SBN 199240)
                                         Seth M. Sproul (CA SBN 215919)
                                         FISH & RICHARDSON P.C.
                                         12390 El Camino Real
                                         San Diego, California  92130
                                         Tel:  (858) 678-5070
                                         Fax: (858) 678-5099
                                         Attorneys for Defendants Microsoft
                                         Corporation and Autodesk, Inc.

                                         Katherine Ford Horvath (CA SBN 213098)
                                         Microsoft Corporation
                                         One Microsoft Way
                                         Redmond, WA  98052-6399
                                         Tel:  (425) 705-6746
                                         Fax: (425) 936-7329
                                         Attorneys for Microsoft Corporation

                                    Counsel for Defendants
                                    MICROSOFT CORPORATION AND
                                    AUTODESK, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 19th day of May 2005.

/s/ Matthew C. Bernstein

Matthew C. Bernstein

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), Defendants Microsoft Corporation and Autodesk, Inc.

hereby certify that counsel has conferred, via letter, numerous times in a good faith attempt to

resolve this matter without Court intervention.  In addition to the written correspondence,

Defendants' counsel met and conferred with counsel for z4 Technologies, Inc. ("z4")on May 13,

2005 by telephone.  Plaintiff opposes the relief requested in this Motion.


 /s/ Matthew C. Bernstein
Matthew C. Bernstein


10516024.doc


**DEFENDANTS MICROSOFT CORPORATION AND AUTODESK, INC.'S OPPOSED MOTION
TO COMPEL CONTINUATION OF THE DEPOSITION OF DAVID COLVIN AND THE
PRODUCTION OF DOCUMENTS – PAGE 18**